IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


VERNON I. COLEMAN,

                          Plaintiff,

          v.                                    CASE NO. 12-3210-SAC

NOLA T. FOULSTON, et al.,

                          Defendants.



                          O R D E R

     This matter comes before the court on a complaint under 42 U.S.C.
§ 1983, filed pro se by a prisoner confined in the Sedgwick County
jail in Wichita, Kansas.  Plaintiff also seeks leave to proceed in
forma pauperis under 28 U.S.C. § 1915.

     Given plaintiff's sparse financial records and resources, the
court grants plaintiff's motion for leave to proceed in forma pauperis
without imposing an initial partial filing fee.  *See* 28 U.S.C. §
1915(b)(4).  Plaintiff remains obligated to pay the full $350.00
district court filing fee in this civil action, through automatic
payments from his inmate trust fund account as authorized by 28 U.S.C.
§ 1915(b)(2).

     Because plaintiff is a prisoner, the court is required to screen
the complaint and to dismiss it or any portion thereof that is
frivolous, fails to state a claim on which relief may be granted, or
seeks monetary relief from a defendant immune from such relief.  28

U.S.C. § 1915A(a) and (b).   Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even under this standard a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008)(stating and applying *Twombly* standard for dismissing a complaint as stating no claim for relief).

In the present case, plaintiff seeks damages on allegations of error and misconduct by various state officials for their participation in plaintiff's arrest, prosecution, and present pretrial confinement on state charges of aggravated criminal sodomy, sexual exploitation of a child, and aggravated indecent liberties. The defendants named in the complaint are the Sedgwick District Attorney, a Sedgwick County District Court judge, a DEA Task Force Detective, and the court reporter who transcribed plaintiff's preliminary hearing.

To the extent plaintiff seeks damages from the prosecutor and district court judge on broad allegations of bribes and criminal misconduct, the court dismisses these claims as frivolous and malicious, and as stating no claim for relief.   28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).   Moreover, it is well established that plaintiff's claims for damages against these defendants are barred by immunity.   28 U.S.C. § 1915(e)(2)(B)(iii).   *See Stump v.*

*Sparkman*, 435 U.S. 349, 362-64 (1978)(judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)(prosecutors entitled to absolute immunity for activities intimately associated with judicial phase of criminal process).

Plaintiff's claim for damages against the court reporter on a bare allegation of producing a "false" and "forged" preliminary hearing transcript is conclusory at best, and states no claim for relief under § 1983. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

Likewise, to the extent plaintiff seeks damages from a DEA detective for alleged perjury and unspecified improper conduct in plaintiff's criminal case, no claim for relief under § 1983 is presented by this bald and bare allegation. *See also Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir.1994)("[A]ll witnesses enjoy absolute immunity from civil liability under [§] 1983 for their testimony in a prior trial. . . . [W]e have extended [witness immunity] to alleged conspiracies to commit perjury.").

Plaintiff is advised that a federal court's intervention in a pending state criminal action is generally barred by federalism and comity concerns as set forth in *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff's submission of "discovery" materials regarding his pending criminal case to this court for federal review and safe keeping is inappropriate.

Finding it would be futile to provide plaintiff an opportunity to amend the supplemented complaint to address the identified deficiencies, the court concludes the supplemented complaint should

be summarily dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal of the supplemented complaint is without prejudice to plaintiff pursuing any relief available in habeas corpus.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in form pauperis (Doc. 2) is granted pursuant to 28 U.S.C. § 1915(b)(4), and that payment of the $350.00 district court filing fee is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the supplemented complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

DATED:  This 31st day of October 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge